WILLIAM F. HOHMAN and Another, Plaintiffs, *v.* ROCHESTER SWISS LAUNDRY COMPANY and Another, Defendants.

Supreme Court, Monroe County, July 6, 1925.

Easements — termination — action for cancellation of right of way given copartnership on condition it should terminate if premises occupied by said copartnership " as a stable and yard for horses " should cease to be " used by them in the business " of general carting — premises sold to laundry corporation — use of right of way ceased on sale of premises.

A grant of a right of way given a copartnership on condition that it shall terminate if the premises occupied by said copartnership " as a stable and yard for

horses " shall cease to be " used by them in the business " of general carting, then carried on by said copartnership, becomes void when the property is sold to a laundry corporation, where said corporation has not used the premises since the conveyance as a stable and yard for horses and wagons in the business of general carting.

ACTION to cancel right of way and for other relief.

*Hubbell, Taylor, Goodwin & Moser,* for the plaintiffs.

*Joseph P. Hogan,* for the defendants.

RODENBECK, J.:

John F. Hilbert, John Weiss and Frank W. Embry constituting a copartnership engaged in the carting business, owned property fronting on Pinnacle avenue, now South Clinton street, westerly of and adjacent to property owned individually by John F. Hilbert and wife, fronting on Meigs street. A year prior to his death Hilbert opened a right of way from the partnership property through his property to Meigs street and this right of way was used for about a year prior to his death by the copartnership. There was no grant by him to the copartnership of the right of way and the copartnership's use of it was a mere license. After the death of Hilbert, his wife, Helen Hilbert, as executrix of the estate conveyed to George F. Roth the one-third interest of her husband in the copartnership in which her husband was interested. This conveyance was made by her as executrix on October 1, 1886, and did not cover any interest in any property which had descended to her individually by operation of law. About two months after the execution of this deed and on November 27, 1886, she conveyed to the copartnership, then consisting of John Weiss, Frank W. Embry and George F. Roth a right of way over the strip of land in question upon certain conditions. This conveyance was made by her individually as well as an executrix and under it the copartnership obtained for the first time a legal interest in the right of way. The grant of the right of way is made upon the condition that it should cease if the premises then owned and occupied by the copartnership " as a stable and yard for horses and wagons " should cease to be " used by them in the business " then carried on by them, which was a general carting business. On March 5, 1892, Charles W. Weiss was admitted to the copartnership in place of his father, John Weiss, and on January 3, 1894, the business was incorporated as the Rochester Carting Company. On February 26, 1924, the Rochester Carting Company conveyed to the Rochester Swiss Laundry Company the premises owned by it on Clinton avenue south. The Rochester Swiss Laundry Company is incorporated for the purpose of carrying on a laundry business and has

since the conveyance carried on such business and the premises have not been used since the conveyance " as a stable and yard for horses and wagons " in the business of general carting which was the the business carried on by the former copartnership and its successor, the Rochester Carting Company. Under these circumstances the condition under which the grant of the right of way was made has been broken and the grant under its terms has ceased and become void and the defendants have no right or interest in the right of way or to the use thereof and the same should be cancelled. There is no basis in the evidence for any reformation of the grant of the right of way and judgment should be given the plaintiffs accordingly.