Harold Baer, J.
This is an action for a declaratory judgment to nullify an easement entered into in 1839 by agreement between the then owners of two adjacent parcels of land. The parcels are now known by the designations of 414 Lafayette Street (owned by defendant since 1960) and 416 Lafayette Street (owned by plaintiff since 1958) in New York County.
The pertinent portions of the easement agreement of 1839, provided for an area 10 feet in width and running from the front to the rear of the lots (5 feet taken from each lot), “as a private carriage way to their respective stables so to be erected on the rear of said lots # * * and which alley or passageway should remain forever for the sole and undisturbed use of the said parties * * * as a way to their respective stables and to be used in no other way whatsoever. *336 * * * that the said alley or passageway shall always continue and remain open and unobstructed and shall not be appropriated to or used for any other purpose than for a carriage way for the private residences of the said parties hereto
The record shows that 1‘ 416 ’ ’ was converted from a private residence in 1886 \ to an office and library for the Protestant Episcopal Bishop1 of New York, and later in 1930, to offices, conference rooms, shipping room and storage for the Episcopal Diocese of New York. In 1958 plaintiff purchased the property and constructed an apartment house for 41 families.
The “ 414 ” property was converted from a private dwelling to a commercial building in 1901. Since 1960 the present owner has not occupied any part of the premises but a former owner occupies the ground floor and basement for storage.
Admittedly, there have been no stables for many years. However, the former owner, now tenant, of “414” did use the alleyway from time to time for trucks to make deliveries to a rear receiving platform. The owners of “416” used it for cars, and during 1958-1959, for construction materials and workmen during construction of the apartment house.
Plaintiff contends that the easement ceased to exist upon the change of the use of the property and the demolition of the stables, thereby eliminating the purposes for which the easement was created.
The defendant contends that the easement, granted by deed, cannot be voided except by written instrument, condemnation, abandonment or adversé possession, none of which exists here, and requests affirmative relief declaring the easement absolute and unincumbered.
The courts in certain specific instances have held that easements may be used for purposes other than those exactly stated in the grant; recognizing the needs of progress. (Arnold v. Fee, 148 N. Y. 214; Brearton v. Fina, 3 Misc 2d 1; 836 Franklin Ave. Catering Corp. v. Haber, 164 Misc. 227, affd. 251 App. Div. 728.) However, in each of these instances the easement was general in character. There was a description rather than a limitation of use.
When an easement is expressly limited to a specific purpose, the easement is extinguished by the permanent abandonment of that purpose (Norris v. Hoffman, 133 App. Div. 596, affd. 197 N. Y. 578; Snell v. Levitt, 110 N. Y. 595, 602-604; Wilson v. Ford, 148 App. Div. 307 ; 357 East Seventy-Sixth St. Corp. v. Knickerbocker Ice Co., 263 N. Y. 63, 66-67). In the case at bar there is an unambiguous, specific and limited use created *337 by grant. The demolition of the stables and private residences, and the conversion of the property to commercial use were unequivocal acts manifesting a clear intention to abandon the use and purpose for which the easement was created (Snell v. Levitt, supra-, Norris v. Hoffman, supra).
After the conversion of the properties from their original use the respective owners continued to make use of the alley for a variety of purposes. However, the evidence in this case is insufficient to establish that the defendant acquired an easement by prescription by virtue of such use. Am easement by prescription arises only where the use is open, notorious, continuous and adverse. (Panzica v. Galasso, 285 App. Div. 859; Merriam v. 352 West 42nd St. Corp., 14 A D 2d 383; Sewall v. Fitz Gibbon, 233 App. Div. 70, 73.)
As was aptly stated in the Merriam case (supra, p. 386): “It is not every use of another’s land that is adverse or against which the owner is required, at the risk of subjecting himself to an easement, to take action immediately either by way of self-help or at law. Neither in the old days nor today is neighborliness to be avoided upon the pain of impairing title to one’s property”.
I find that uses of the alleyway employed by the parties and their respective predecessors lacked the elements upon which prescriptive rights may be based.
After the owners of “ 416 ” used the alley for the construction of the apartment house and had no further use for it, they started a series of lawsuits to have the easement declared extinguished. First, against the former owner of “414”, then against the present owner, and since June of 1963 a lis pendens has been filed against the “ 414 ” property based upon this action. This has interfered with the sale and plans for change of use of that property. It would be most unfair, after the owners of “ 416 ” have used the alley for the improvement of their property to cut off similar opportunity to the owners of “414”.
The counterclaim of the defendant is dismissed. Plaintiff may have judgment declaring the easement of July 5, 1839 at an end, and null and void. Each of the parties shall be restored to possession of their respective premises to the center line thereof, and shall be enjoined from entering upon the premises of the other. However, execution of such judgment shall be stayed until December 31, 1965 so that the owners of “414” may utilize the alleyway for the same or similar purposes as it has been utilized by either owner since 1958.