OPINION OF THE COURT
Edward H. Lehner, J.
The central issue to be resolved on the motions before me is whether an easement, which is expressly limited to last “for so long as the business of dealing meats, meat products or other food products is carried on in the” premises, has expired in *736 light of the fact that the subject premises were sold to a realty company in June 1999 and have remained vacant ever since.
Facts
In October 1962 Gingold Packing Corporation (Gingold), which operated a meat packing business, purchased the five-lot parcel of real property located at 48-56 Tenth Avenue (the De Lamater Square premises), which was bordered on the north by West 14th Street and on the west by Tenth Avenue. The east side of the premises bordered the building known as 450-456 West 14th Street which was owned by New York State Realty and Terminal Company, who by agreement dated October 24, 1962 (the Easement Agreement) granted an exclusive use easement over a portion of its property (the Easement Area) to Gingold. The Easement Area is an enclosed passageway 17 feet 6 inches wide and 100 feet in length that runs along the rear of the De Lamater Square premises and provides the only access from the rear of those premises to West 14th Street.
Crucial to this litigation is the provision of the Easement Agreement which states that the easement will exist “for so long as the business of dealing in meats, meat products or other food products is carried on in the De Lamater Square premises.” The easement permits the grantor to enter the Easement Area at reasonable hours upon reasonable notice to inspect and repair and requires that the grantee maintain the area and procure liability insurance. Pursuant to paragraph (g) of the Agreement the grantee is obligated to pay the real estate taxes with respect to the Easement Area. In October 1977, plaintiff purchased the 450-456 West 14th Street property.
Sometime in 1988, plaintiff commenced a lawsuit against Gingold in this court which was settled in June 1992 by an easement modification agreement pursuant to which the aforesaid paragraph (g) was deleted. Instead, Gingold agreed to pay $4,000 every year in June (the Rent) for use of the easement and, in addition, agreed to immediately pay plaintiff $20,000 in full satisfaction of any sums previously due and owing.
On June 25, 1999, defendant 40-56 Tenth Avenue L. L. C. (the Limited Liability Company), a real estate company, acquired the De Lamater Square premises from Gingold. The sole member of the company, William Gottlieb, died on October 5, 1999. Letters testamentary were issued on December 29, 1999 appointing defendant Mollie Bender as executrix of his estate (the Executrix). The premises have since remained *737 vacant, although the Limited Liability Company claims that it has been actively seeking a food vendor to occupy the building. Specifically, defendants allege that a lease with Interstate Food, Inc. was almost completed when, in July 2000, it withdrew from the negotiations and instead leased property from the plaintiff.
Plaintiff claims that the Rent due in June was never paid, while defendants contend that plaintiff refused payment. With respect to the Rent for prior years, defendants maintain that payments were made by the predecessor owner. Plaintiff also asserts that the Easement Area has fallen into disrepair and that defendants do not maintain the requisite insurance. Defendants deny these allegations.
In the first cause of action plaintiff seeks a judgment “declaring that the easement for the Easement Area terminated by operation of the Easement Agreement in or about March, 1999” (Amended complaint, “wherefore” clause, a). In the second cause of action plaintiff requests that defendants “specifically perform the terms and provisions of the Easement Agreement relating to the maintenance and repair of the Easement Area” (id., ffb). The third cause of action is for damages caused by the failure to maintain the Easement Area, and the fourth seeks attorneys’ fees. Finally, in the fifth cause of action, plaintiff claims that defendants have trespassed in the Easement Area and demands a permanent injunction “enjoining defendants from barring plaintiff’s access to the Easement Property, together with punitive damages” (id., e).
The Limited Liability Company has moved to dismiss the first, fourth, and fifth causes of action, and the Executrix has moved for dismissal of the entire complaint. Plaintiff cross-moves for summary judgment on all of the causes of action in the complaint.
Discussion
Although an unconditional easement
“created by grant may be lost by abandonment, an owner is under no obligation to make use of his property, and an abandonment does not result by nonuse alone * * * [but] results only when there is a nonuse accompanied by an intention to abandon on the part of the owner * * *
“A party relying upon another’s abandonment of an easement by grant must produce ‘clear and convincing proof of an intention to abandon it’ * * * [and] [t]he acts relied upon must be unequivocal, and must clearly demonstrate the owner’s *738 intention to permanently relinquish all rights to the easement” (Consolidated Rail Corp. v MASP Equip. Corp., 67 NY2d 35, 39-40 [1986]; see also, Gerbig v Zumpano, 7 NY2d 327 [1960]; Welsh v Taylor, 134 NY 450 [1892]; Will v Gates, 254 AD2d 275 [2d Dept 1998]).
With respect to a conditional easement, it is deemed lost when it is clear that the condition has been violated. In Hohman v Rochester Swiss Laundry Co. (125 Misc 584 [Sup Ct, Monroe County 1925]), a grant of a right of way provided that it should terminate if the premises, then occupied as a stable for horses, should cease to be used for a general carting business. The property was subsequently conveyed to a company operating a laundry and thereafter no longer used as a stable and for the business of carting. Under such circumstances it was held that “the condition under which the grant of the right of way was made has been broken and the grant under its terms has ceased and become void” (at 586). In Norris v Hoffman (133 App Div 596 [1st Dept 1909], affd 197 NY 578 [1910]), a right of way for carriages was granted to three lot owners to be used “as a passage to their respective stables.” Ruling that a cessation of use “under circumstances showing an intention to abandon the easement — no matter for how short a time — works a destruction of the right,” the Court held that the demolition of the existing houses and the erection of a large apartment building “extinguished whatever easement they had theretofore in the carriageway, because such act was inconsistent with the terms of the reservation * * * [as] [t]he circumstances under which it was reserved and the necessity for its use no longer exist” (at 599, 600). In another case involving a right of way to be used only as a carriageway, the court applying the principle that when “an easement is expressly limited to a specific purpose, the easement is extinguished by the permanent abandonment of that purpose,” ruled that the “demolition of the stables and private residences, and the conversion of the property to commercial use were unequivocal acts manifesting a clear intention to abandon the use and purpose for which the easement was created” (416 Props. v Stampler, 42 Misc 2d 335, 336-337 [Sup Ct, NY County 1964]).
Coming to the case at bar, since the limitation in the Easement Agreement only relates to the. nature of the business to be conducted in the premises and not the character of the owner of the property, the mere fact that the premises were purchased by the defendant realty company did not terminate the easement.
*739 There is no contention by plaintiff that the premises have been occupied by any tenant in violation of the restriction in the Easement Agreement or that the premises can no longer be used for the purposes set forth therein, as were the situations in the conditional easement cases discussed above. The essential argument of plaintiff is that the easement has been abandoned by the nonuse of the building since it was acquired by the Limited Liability Company in June 1999.
I have found no New York case discussing the nonuse of premises where there is a limitation of use with respect to the easement. However, an Indiana appellate court, after noting that it found no cases in any State “which establish that the nonuse of a determinable easement will cause its automatic extinguishment,” upheld a trial court’s finding that negotiations by a gasoline station operator for the subletting of its premises to a fast-food restaurant (which were never consummated) and the temporary removal of the gasoline islands and the closing of the station for 18 months did not cause a termination of the easement granted to the operator over driveways to and from a shopping mall. (GTA v Shell Oil Co., 171 Ind App 647, 651, 358 NE2d 750, 752 [1977].) The court concluded that “[o]nly in the case where a qualification, in the nature of a limitation, clearly provides for a continued user, would a failure to use, or discontinuance of use, terminate the easement * * * [but] [bjefore an easement will be terminated through nonuse, the requirement of uninterrupted use must be clearly stated and reasonably inferred from the intentions of the parties” (GTA v Shell Oil Co., 171 Ind App 647, 651-652, 358 NE2d 750, 753 [1977]).
There is nothing in the papers before me to indicate that any extrinsic evidence exists that may shed light on the intent of the parties on the issue presented. Thus, the interpretation of the Agreement is for the court. In examining the Easement Agreement, I find that it would be unreasonable to conclude that the parties intended the extinguishment of the easement the minute the premises ceased being occupied for the purposes stated in the Agreement. On the other hand, it would be unlikely that the parties intended that the owner of the De La-mater Square premises could have the exclusive use of the Easement Area in perpetuity without complying with the use provision. Therefore, I conclude under the circumstances that a fair interpretation of the Agreement is that the easement should continue for a reasonable period of nonuse to enable the grantee of the easement to find an appropriate replacement *740 tenant. In determining the length of such period, there should be considered the efforts made to lease the premises for the restricted uses and the likelihood of obtaining a tenant interested in occupying the premises for such uses. From the papers I conclude that a reasonable period has not yet expired. In determining this issue in the future, it is noted that defendants claim that the continuation of this litigation challenging the existence of the easement has made it more difficult to lease the premises for the restricted uses.
Regarding the Rent, defendants have unequivocally stated that they have sought to pay the amount due, but that plaintiff has rejected payment. To the extent that this issue remains in contention, either party may request an immediate hearing before this court. Rent owing by a prior owner is not relevant to the issue of abandonment of the easement by the current owner.
In light of the foregoing, with respect to the first cause of action it is declared that as of this date the easement has not terminated.
Consequently, the fifth cause of action is dismissed to the extent that plaintiff seeks a declaration that defendants have trespassed on its property. That part of the claim in which plaintiff seeks a declaration “enjoining defendants from barring plaintiffs access to the Easement Property” is granted to the extent that plaintiff shall be given access in accordance with the express terms of the Easement Agreement.
The fourth cause of action for attorneys’ fees is dismissed. The indemnification provision of the Easement Agreement does not specifically provide for an award of such fees. Moreover, even assuming the provision was intended to include legal fees, it only concerns claims brought by third parties, not disputes between the parties to the contract (see, Hooper Assocs. v AGS Computers, 74 NY2d 487 [1989]).
In light of the factual discrepancies concerning the condition of the Easement Area, plaintiffs motion for summary judgment on the second and third causes of action is denied.
Since it is undisputed that the owner of the De Lamater Square premises is the Limited Liability Company, the action as against the Executrix is dismissed. Under sections 609 and 610 of the Limited Liability Company Law, a member of a company organized under such law is not a proper party to an *741 action against the company. Accordingly, the Clerk shall enter judgment dismissing the complaint as against the Executrix, severing the action as against the codefendant.