■ NORSE REALTY GROUP, INC., Respondent, v MORMANDO FAMILY LIMITED PARTNERSHIP et al., Appellants. [832 NYS2d 607]—

In an action to recover a down payment, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated February 7, 2006, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, upon searching the record, summary judgment dismissing the complaint is awarded to the defendants, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in connection with the affirmative relief sought by the defendant Mormando Family Limited Partnership in its answer.

In June 2005 the plaintiff Norse Realty Group, Inc., as

purchaser, and the defendant Mormando Family Limited Partnership (hereinafter the defendant), as seller, entered into a contract for the sale of certain real property located in Westbury. The plaintiff was concerned that a certain easement, which had been created in 1960, might impede its development of the property.

By amendment to the contract of sale, the parties added a provision expressly extending until June 30, 2005 (later extended to July 30, 2005), the plaintiff's time to perform due diligence in connection with the easement, and providing, in relevant part, that "[i]f after the . . . due diligence period, Purchaser, in its sole opinion, shall determine that the easement may hinder Purchaser's ability to develop the Property, Purchaser shall notify Seller, within two (2) business days, of its intention to terminate the Contract of Sale and Seller shall return the down payment to Purchaser within three (3) business days of such notification."

Twelve days before the end of the due diligence period, the plaintiff purported to cancel the contract in reliance on the above provision. The defendant rejected the notice of cancellation, and the plaintiff commenced this action to recover the down payment. The Supreme Court granted summary judgment in favor of the plaintiff. We reverse.

The plaintiff established its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, however, the defendant tendered unrebutted evidence establishing that the subject easement was expressly conditioned, in relevant part, on the continued operation of the subject property "as a bowling alley" and that, as of May 26, 2005, the defendant had "*permanently* ceased the bowling business" (emphasis added), "dismantled the bowling lanes," and "commenced the removal of all of the bowling equipment and flooring from the building." This evidence establishes, as a matter of law, that the conditional easement had already been extinguished by its own terms prior to the plaintiff's purported cancellation of the contract of sale (*cf. 450 W. 14th St. Corp. v 40-56 Tenth Ave.*, 187 Misc 2d 735 [2001]). Therefore, the plaintiff had no conceivable basis upon which to determine that the easement might "hinder [its] ability to develop the [p]roperty." Under the circumstances, the Supreme Court erred in granting the plaintiff's motion for summary judgment. Moreover, upon searching the record (*see* CPLR 3212 [b]), we award summary judgment to the defendants dismissing the complaint.

We remit the matter to the Supreme Court, Nassau County,

for further proceedings in connection with the affirmative relief sought by the defendant in its answer. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.