# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

20.1
CA 13-00791
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

SOUTH BUFFALO DEVELOPMENT, LLC,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

PVS CHEMICAL SOLUTIONS, INC.,
DEFENDANT-RESPONDENT.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (MATTHEW J. BECK OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BLAIR & ROACH, LLP, TONAWANDA (DAVID L. ROACH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 12, 2013.  The order, among other things, granted the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff and defendant own contiguous parcels in the vicinity of the Buffalo River in South Buffalo that were once part of one common property owned by defendant's predecessor in interest.  Defendant's property sits between a large section of plaintiff's property and the Buffalo River, and currently houses a "sewer effluent line" that provides discharge from plaintiff's property into the Buffalo River.  Pursuant to an easement agreement executed in 1977, when the common property was severed, defendant's predecessor in interest granted an easement to plaintiff's predecessor in interest "for the maintenance and operation of a sewer effluent line from Grantee's property to the Buffalo River, over, under, across and upon a [15-foot] strip of land of Grantor's property."  The easement agreement further provided that the "fail[ure] to use said right of way and easement for the purpose designated for a period of 12 consecutive months" would result in termination of the easement. After commencing this action for, inter alia, injunctive relief, plaintiff moved for summary judgment determining that an easement exists in favor of plaintiff and preventing defendant from interfering with the easement, and defendant cross-moved for summary judgment dismissing the complaint.

Supreme Court properly granted defendant's cross motion upon

determining that plaintiff is not entitled to the easement set forth in the easement agreement.  The "conditional easement [was] extinguished by its own terms" in 2005 (*Norse Realty Group, Inc. v Mormando Family Ltd. Partnership*, 38 AD3d 735, 736), inasmuch as plaintiff's predecessor in interest, which had ceased its operations, "fail[ed] to use [the] right of way and easement for the purpose designated," i.e., "the maintenance and operation of a sewer effluent line," for the preceding 12 months.  Contrary to plaintiff's contention, the fact that storm water incidentally passed through the sewer effluent line before and after plaintiff's predecessor in interest ceased its operations does not save the easement from termination.  Notably, the easement was for a sewer effluent line, not a general sewer line or a storm drainage system, and the court properly determined that the easement agreement was unambiguous in that respect.  "In determining whether a[n agreement] is ambiguous, the court first must determine whether the [agreement] 'on its face is reasonably susceptible of more than one interpretation' " (*Gilpin v Oswego Bldrs., Inc.*, 87 AD3d 1396, 1397, quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573).  Here, the court properly concluded that the language of the easement agreement and the plain and ordinary meaning of "effluent" demonstrated that the purpose of the easement was solely to remove wastewater (*see generally Kass v Kass*, 91 NY2d 554, 566; *Mazzola v County of Suffolk*, 143 AD2d 734, 735).

Contrary to plaintiff's further contention, it is not entitled to an implied easement to use the sewer effluent line to convey storm water.  Even assuming, arguendo, that we may decide this appeal on a legal theory not expressly raised in the complaint (*see Boyle v Marsh & McLennan Cos., Inc.*, 50 AD3d 1587, 1588, *lv denied* 11 NY3d 705; *see generally* CPLR 3026), we conclude that plaintiff is not entitled to an implied easement inasmuch as the express easement for wastewater was in effect at the time the common property was severed, i.e., when the implied easement was allegedly created, and an express easement and an implied easement cannot exist simultaneously (*see Corrarino v Byrnes*, 43 AD3d 421, 425; *Oliphant v McCarthy*, 208 AD2d 1079, 1080; *see also Alt v Laga*, 207 AD2d 971, 971).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court