# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1034
CA 15-00213
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

GREECE TOWN MALL, L.P., PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

DENNIS M. MULLEN, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF ECONOMIC DEVELOPMENT,
DEFENDANT-RESPONDENT.

---

FEERICK LYNCH MACCARTNEY, ESQS., SOUTH NYACK (DENNIS E.A. LYNCH OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Monroe County (J. Scott Odorisi, J.), entered April 7,
2014 in a declaratory judgment action.  The judgment, inter alia,
granted the cross motion of plaintiff for partial summary judgment on
the first cause of action of the first amended complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  In this declaratory judgment action, plaintiff
asserted eight causes of action, only the first of which is at issue
on appeal.  As relevant here, in 1986, the Legislature passed the New
York State Empire Zones Act (General Municipal Law § 955 *et seq.*),
which provides, inter alia, certain tax and utility cost reductions to
eligible businesses.  Plaintiff operates the "Greece Town Mall" and,
in 2002, it proposed an economic development plan for that facility
under the Empire Zones Act.  In August 2003, plaintiff was duly
certified as an Empire Zone business enterprise by New York State,
retroactive to July 31, 2002.  In 2009, the Legislature amended the
Empire Zones Act, requiring, inter alia, that defendant conduct a
review of all business enterprises to determine whether they should be
decertified.  Later in 2009, defendant revoked plaintiff's
certification, retroactively effective to January 1, 2008.

Plaintiff's first cause of action in the first amended complaint
alleged that defendant "violated lawful procedure in adopting
regulations that were inconsistent with the Empire Zone Act . . . with
regard to the across the board retroactive date of decertification of
January 1, 2008 . . . regarding the 2009 Amendment to the Empire
Zone."  Defendant moved for partial summary judgment dismissing the

eighth cause of action and, in doing so, conceded that plaintiff was entitled to relief on the first cause of action.  Plaintiff thereafter cross-moved for partial summary judgment on the first cause of action, stating that "the concession by [d]efendant for relief in [p]laintiff's [f]irst [c]ause of [a]ction compels th[e] [c]ourt to grant [s]ummary [j]udgment declaring that any retroactive revocation of the [p]laintiff's Empire Zone Program benefits is illegal and that the [p]laintiff is entitled to have those benefits continued through 2015."  Supreme Court granted plaintiff's cross motion "as acquiesced by the [d]efendant" and requested that plaintiff provide a proposed "order and judgment" (hereafter, judgment).  Plaintiff's proposed judgment provided, inter alia, that "the retroactive decertification of the [p]laintiff from the Empire Zone Program is hereby declared illegal, invalid, null and void and that the [p]laintiff be reinstated to all rights and benefits in the Empire Zone Program through August 31, 2010."  Defendant submitted an affirmation in opposition to plaintiff's proposed judgment and provided its own proposed judgment, which "declared that [d]efendant's . . . determination dated June 29, 2009 that revoked the [p]laintiff's Empire Zone Program certification cannot be retroactive to January 1, 2008."  The court executed defendant's proposed judgment.

Plaintiff contends that defendant "acquiesced" to its request for relief in the first cause of action, "which sought continued Empire Zone benefits through 2015."  We reject that contention.  In the attorney affirmation accompanying the motion, defendant's attorney acknowledged only that, pursuant to the holding of *James Sq. Assoc. LP v Mullen* (21 NY3d 233), the subject 2009 amendment was not to be applied retroactively, and he therefore conceded that judgment in favor of plaintiff was warranted on the first cause of action. Defendant did not concede that plaintiff would be entitled to continued Empire Zone benefits through 2015, and defendant did not discuss, even in more general terms, any relief to which plaintiff might be entitled under the first cause of action.  More importantly, as we have noted above, the gravamen of the first cause of action is the retroactive date of decertification of January 1, 2008, and plaintiff did not plead that the improper retroactive decertification entitles it to continued Empire Zone benefits through 2015.  Moreover, plaintiff's proposed judgment did not recite that plaintiff is entitled to benefits through 2015.  "Even assuming, arguendo, that we may decide this appeal on a legal theory not expressly raised in the complaint" (*South Buffalo Dev., LLC v PVS Chem. Solutions, Inc.*, 115 AD3d 1152, 1153), we conclude that plaintiff's claim that it was entitled to the "continued benefit of the Empire Zone Program through 2015" is without merit inasmuch as plaintiff does not have a "vested right to continue receiving tax credits" (*Matter of Greece Town Mall, L.P. v New York State*, 105 AD3d 1298, 1300).

We have examined plaintiff's remaining contention and conclude that it is without merit.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court