(133 App. Div. 596.)

### NORRIS et al. v. HOFFMAN et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. QUIETING TITLE (§ 35*)—PLEADING—SUFFICIENCY OF COMPLAINT.

Code Civ. Proc. § 1638, provides that where a person has been for one year in possession of real property or of an undivided interest therein, claiming it in fee, etc., he may sue to compel the determination of any claim adverse to his, including any claim in the nature of an easement. Section 1639 provides that the complaint must allege facts showing plaintiffs' right to the property together with a description thereof, and that defendant unjustly claims or that it appears from the public records that he might unjustly claim an estate, interest, or easement therein. *Held,* that a complaint in such an action alleging that plaintiffs are owners in fee simple, having acquired title by purchase, that the premises have been in their possession for the year next preceding the commencement of the action, and fully setting out facts upon which defendants base a claim to use part of the premises as a carriageway, sufficiently stated the claim of title under which plaintiffs were in possession for the year prior to suit and the unjust claim of defendants.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 73, 74; Dec. Dig. § 35.*]

2. JUDGMENT (§ 713*)—RES JUDICATA—MATTERS CONCLUDED.

Where a second suit between the same parties is upon a different cause of action, a judgment in the prior action is not conclusive as to all matters which might have been litigated, but only as to such questions as were actually in issue and adjudicated therein, and, where plaintiff obtained an injunction restraining defendants from using for any other purpose than as a passage to their private stables a carriageway over which they had an easement of passage to their respective stables in the rear, and which they had attempted to use to reach a carpenter shop, and the question of abandonment of the easement by defendants was not raised, the judgment was not res judicata of defendants' right to use the passage in a second action to have the easement declared abandoned.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.*]

3. EASEMENTS (§ 30*)—EXTINGUISHMENT—NONUSER.

An easement created by reservation in a deed cannot be extinguished by mere nonuser, but a cessor to use under circumstances showing an intention to abandon it, no matter for how short a time, works a destruction of the right.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

4. EASEMENTS (§ 30*)—ABANDONMENT.

Plaintiff's lot embraced a strip over which a prior owner of plaintiff's lot and two adjoining lots, now belonging to defendants had reserved an easement of passage to be used by the owners of the three lots as a carriageway to their private stables in the rear of their residences while they so occupied them. Defendants' predecessor in title had conveyed part of one of the lots on which the stable was located, and it became part of a lot facing on another street. Defendants removed the residences on the lots, and erected an apartment hotel thereon, which they rented for a long term and which was occupied by tenants, and they thereafter rented the stable which had been sold for use as a carpenter shop, and attempted to use the carriageway to reach it. *Held*, that the easement in the carriageway had not only been abandoned by sale of the stable, but had been extinguished by the erection of the hotel which rendered its legitimate use impossible, and plaintiffs were entitled to be relieved from the restrictions upon their property.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

Ingraham and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Brainerd T. Norris and another against Charles F. Hoffman and another. A demurrer to the complaint was overruled (62 Misc. Rep. 385, 115 N. Y. Supp. 890), and defendants appeal. Affirmed, with leave to withdraw demurrer and to answer.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles P. Northrop, for appellants.
Louis Frankel, for respondents.

McLAUGHLIN, J. The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and they appeal.

The complaint alleges, in substance, that the plaintiffs are the owners in fee simple of certain premises in the city of New York, known

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as No. 110 West Forty-Seventh street, and that the defendants are the owners of premises next adjoining on the easterly side, known as Nos. 108 and 106 West Forty-Seventh street; that in the year 1858 one Day was the owner of all three lots, and conveyed the one now belonging to plaintiffs "subject to a right of way hereby reserved from 47th street to the stables in the rear of the two houses on lots next east of the above-described premises, which carriageway is to be used in common by the owners of said three lots * * * as a passage to their respective stables and the gate or doorway is to be kept closed by the parties using the same and the carriageway kept in order at the mutual and equal expense of the owners of said three lots," (Nos. 106, 108, and 110); that one of the defendants' predecessors in title conveyed that part of lot No. 106 on which the stable of said lot was located to one Gillig, and it thereupon became part of a lot fronting on West Forty-Sixth street by reason of which the easement belonging to that lot was destroyed; that at the time the easement was created the three lots were intended to be occupied separately by different persons as the respective owners thereof; that they were so occupied from 1859 until about the year 1900, and the right of way used as a carriageway from the street to their respective private stables and for no other purposes; that, when the defendants acquired title to Nos. 106 and 108, the private houses on such lots were torn down, and an apartment hotel seven stories in height, consisting of many apartments, was erected thereon; that thereafter the defendants rented the stable in the rear of No. 108 as a carpenter shop, and attempted to use the carriageway referred to as a means of ingress and egress, but were prevented from so doing by a judgment procured by these plaintiffs which enjoined the defendants, their agents, and servants "from using such carriageway for any other purpose than as a passage to and from private stables for the use of the owners of Nos. 106 and 108 West Forty-Seventh street"; that at the present time there is no stable in the rear of No. 106, the ground on which it stood having been conveyed as stated; that the building in the rear of No. 108 is not, and cannot be, used as a stable, and has not been so used since the defendants acquired title to such lot and erected the apartment hotel; that the apartment hotel is leased for a long term of years, and is now occupied by tenants; that the defendants themselves do not reside there, have no intention of so doing, and have abandoned and surrendered the right of way through plaintiffs' premises; that the purpose for which it was created has ceased to exist; and that it is not necessary nor beneficial to the defendants and is injurious to the plaintiffs. Judgment is asked that the easement be declared abandoned and surrendered, and that defendants and all claiming under them be barred from all claim of interest therein and forever enjoined from using the carriageway.

The action is a statutory one for the determination of a claim to real property. The statute provides that where a person has been for one year in possession of real property or of an undivided interest therein, claiming it in fee or for life, or for a term of years not less than 10, he may maintain an action to compel the determination of any claim adverse to his, including any claim in the nature of an

easement (Code Civ. Proc. § 1638), and that the complaint in such action must set forth facts showing the plaintiff's right to the real property in question, together with a description of the same, and that the defendant unjustly claims, or that it appears from the public records, that the defendant might unjustly claim an estate or interest or easement therein. Code Civ. Proc. § 1639.

It is claimed the complaint is defective, in that it fails to state under what claim of title the plaintiffs were in possession of the premises in question for the year immediately prior to the commencement of the action, and also that a bare statement of the fact that defendants "unjustly claim" an easement is insufficient. But it will be observed that the complaint alleges that the plaintiffs are the owners in fee simple; that they acquired title by purchase in 1898; that the premises have been in their possession for the year next preceding the commencement of the action; that facts are fully set forth upon which the defendants base their claim of a right to use the carriageway, and whether such claim is just or not is the question to be determined in the action. This, I think, is all that is necessary under the provisions of the Code cited.

It is also contended that the judgment in the prior action is res adjudicata as to the right of the defendants to use the carriageway, and that it estops the plaintiffs from asserting to the contrary. That action was to restrain the misuser of the easement, while this action is to have it declared abandoned. It was held in Griffen v. Keese, 187 N. Y. 454, 80 N. E. 367, that, where a second suit between the same parties is upon a different cause of action, a judgment in a prior action is not conclusive as to all matters which might have been litigated, but only as to such points or questions as were actually in issue and adjudicated therein. The question of the abandonment of the easement does not seem to have been raised in the prior action, nor does it appear from the complaint that the facts upon which the present claim of an abandonment is predicated existed at the time the prior action was commenced.

This brings us to the consideration of the main question presented on the appeal, and that is whether the complaint states facts which, if proved, would entitle plaintiffs to the relief asked. The easement in question was created by reservation in a deed. It could not be extinguished by mere nonuser, but a cessor to use under circumstances showing an intention to abandon the easement—no matter for how short a time—works a destruction of the right. Crain v. Fox, 16 Barb. 184; Snell v. Levitt, 110 N. Y. 595, 18 N. E. 370, 1 L. R. A. 414; Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, 9 L. R. A. 135, 18 Am. St. Rep. 829; Roby v. N. Y. C. & H. R. R. R. Co., 142 N. Y. 176, 36 N. E. 1053; Deeves v. Constable, 87 App. Div. 352, 84 N. Y. Supp. 592. In the case last cited the common grantor of the parties had in 1853 conveyed the property belonging to the plaintiffs subject to a covenant not to build any other than a first-class dwelling house thereon, and not to build upon a certain plot described adjoining the premises of the grantor upon which stood a dwelling house. Thereafter the neighborhood ceased to be used for residential purposes, and in 1879 the defendants' testator, who had acquired title

to the adjacent premises, tore down the dwelling, and erected a building for business purposes. It was held that this act operated as an extinguishment of whatever easement had theretofore existed. Mr. Justice Hatch, who delivered the opinion of the court, said:

"Restrictive covenants of the character now under consideration are to be construed most strongly against the covenant—such construction to be in accordance with the intent of the parties as expressed therein—coupled with the surrounding circumstances as nearly as the same can be ascertained. * * * We must have clearly in mind in construing the covenant now under consideration the purpose and use to which the land and building were devoted and the circumstances surrounding such use at the time when the covenant was made, as well as to consider the terms of the covenant itself. * * * If there were no other reasons therefor, we should regard the radical change and the cessor of use of the property for residential purposes as furnishing a sufficient ground to deny an enforcement of the covenant. In addition to this, we are also of opinion that, when the successors of the grantor in the deed tore down the dwelling and erected a business block thereon, * * * it amounted to an extinguishment of whatever easement had theretofore existed upon the adjoining property. Such act was inconsistent with the terms of the restrictive covenant, its language, and intention."

In the case now before us, when the easement was created, the three lots involved were occupied by their respective owners for private dwellings, and it seems to me perfectly obvious from the language used in the grant that it was intended, and the complaint so alleges, that the carriageway should be used only for the benefit of such owners as a carriageway to the private stables in the rear of their residences and while they so occupied them. When these dwellings were torn down and the defendants erected in their place a large apartment hotel, they thereupon extinguished whatever easement they had theretofore in the carriageway, because such act was inconsistent with the terms of the reservation. The judgment in the prior action determined that the right of way could not be used for any other purpose. The circumstances under which it was reserved and the necessity for its use no longer exist. Instead of the two private dwellings occupied by their respective owners, lots 106 and 108 are occupied by many people in separate apartments, such as could not have been within the contemplation of the common grantor. Kitching v. Brown, 180 N. Y. 414, 73 N. E. 241, 70 L. R. A. 742. The facts alleged in the complaint, which are admitted by the demurrer, not only show that the legitimate use of the easement has been rendered impossible by the erection of the apartment house, but also that the easement has been abandoned. Roby v. N. Y. C. & H. R. R. R. Co., supra; Canny v. Andrews, 123 Mass. 155. That being so, the plaintiffs are entitled to be relieved from the restrictions upon their property.

The interlocutory judgment should therefore be affirmed, with costs, with leave to the defendants to withdraw the demurrer and answer on payment of costs.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). The complaint alleges that in the year 1858 one Harry Day was the owner of a certain parcel of land situate on the southerly side of 47th street, distant 100 feet westerly of

Sixth avenue, being 75 feet in width upon the street, and 132 feet more or less in depth. The owner seems to have divided this property into three lots of 22 feet each, beginning at the point nearest Sixth avenue. Upon the rear of these lots was constructed a stable for each lot, and there was a carriageway connecting the street with these stables which commenced 166 feet west of Sixth avenue. The plaintiff is the owner of the westerly side of said lots which included the fee of the carriageway. Day conveyed the westerly lot, including the carriageway, with the following reservations:

"Subject to a right of way hereby reserved from Forty-Seventh street to the stables in the rear of the two houses on lots next east of the above described premises, as the same is shown on the annexed diagram marked 'Carriageway' and colored yellow, which carriageway is to be used in common by the owners of said three lots shown on said diagram as a passage to their respective stables."

The diagram annexed to this deed is made a part of this complaint. The westerly of these lots with the carriageway has been acquired by the plaintiff, the conveyance of which was subject to the easement or right of way reserved in the original deed of Day conveying the westerly lot. The two easterly lots were conveyed by Day. The conveyances, after describing the particular property conveyed, granted "a right of way from 47th street to the stable in the rear of the premises above described, and also subject to a right of way, which said right of way was granted and reserved is shown on the diagram annexed to a certain deed whereby the westerly portion of the said premises were conveyed  *  *  *  and which carriage is to be used in common by the owners of the three lots shown on said diagram as a passage to their respective stables." The complaint alleges that the two easterly lots have been conveyed to the defendants; that at the time of the original conveyance of the said lots these three lots were intended to be occupied each of them separately by different persons as respective owners thereof, and they were so occupied from the year 1859 until about the year 1900, and the right of way created as aforesaid was used by the said owners for the purposes of a carriageway from the street to their respective private stables, and for no other purposes; and that, when the defendants acquired title to the two easterly lots, the private houses on the said lots were torn down and a large apartment house of seven stories, consisting of several apartments, was erected on the said two lots, having a frontage of 44 feet on Forty-Seventh street; that at the present time there is no stable in the rear of lot No. 106 West Forty-Seventh street, the easterly lot of the plot in question; that the ground on which the stable stood was conveyed to the owner of the property fronting on Forty-Sixth street; that the building in the rear of premises No. 108 West Forty-Seventh street, the center lot of the plot, is not used and cannot be used as a stable, and has not been used as a stable since the defendants acquired title to the property and erected the apartment hotel as above stated; that the defendants themselves do not reside in the said apartment house, and have no intention of doing so, as the plaintiffs are informed and verily believe; and that by the erection of the said apartment hotel as above stated, and the cessor to use the said

118 N.Y.S.—11

right of way as a carriageway to private stables in the rear of said premises by the owners thereof, the defendants abandoned and surrendered the right of way through and from the plaintiffs' premises, and that the use of the said carriageway is no longer necessary, and that the purposes for which said carriageway was created have ceased to exist and the maintenance thereof is not beneficial to the defendants and injurious to the plaintiffs, and the plaintiffs therefore demand judgment that the defendants and all claiming under them be barred from all claim to an estate or interest or easement in the carriageway described in the complaint. A demurrer was interposed which was overruled.

I think it clear that there is no allegation which justifies the court in determining that the defendants have abandoned their easement, or that the plaintiffs are entitled to have a judgment barring the defendants from all claim to or an estate, interest, or easement in the carriageway. The owner of the entire piece of property conveyed to the defendants' grantors two lots on the street, upon which there were stables erected in the rear, and as an appurtenant to the property conveyed granted a right of way from Forty-Seventh street to the stables in the rear of the premises conveyed. This easement became property appurtenant to the defendants' property, and to which the plaintiffs' property was subject. It was not restricted to a stable to be used by the occupant of either of the lots of which the right of way was an appurtenant, but the owners of the lots were entitled to maintain stables and the right of way appurtenant to them, although neither of them lived in the house upon the property to which the right of way was an appurtenant. This right of way or easement thus became the property which vested in the defendants' grantors, and which passed by conveyance to the defendants. The plaintiffs' property was conveyed subject to this easement or right of way. The grant did not in any manner depend upon the use to which the property abutting on the street should be put, or limit the right of the owners of the property to maintain a stable upon the rear and have access to the street from such stable. To justify a destruction of this easement they must allege and prove either adverse possession for 20 years, or such facts as would justify a finding of abandonment. There are no facts alleged that would justify the court in finding an abandonment. The complaint further alleges that in an action brought to restrain the defendants from using one of these stables as a carpenter shop a judgment was entered enjoining the defendants from using said carriageway for any other purpose than as a passage to and from private stables for the use of the owners of Nos. 108 and 118 West Forty-Seventh street. Assuming that the adjudication bound the defendants as to their right to use these stables for any other purpose than that of a private stable or any right of way, except as a right of way to a private stable, there was no adjudication which would be binding upon any one that the defendants had abandoned the right of way, but, if anything, an adjudication that defendants had a right of way to a private stable. The rule is well settled that mere nonuse is of no importance as evidence of abandonment. In

Roby v. N. Y. C. & H. R. R. Co., 142 N. Y. 176, 36 N. E. 1053, it was said:

"The mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof are not of themselves sufficient to constitute an abandonment. Under these authorities, the acts claimed to constitute the abandonment of an easement must show the destruction thereof, or that its legitimate use has been rendered impossible by some act of the owner thereof, or some other unequivocal act showing an intention to permanently abandon and give up the easement."

See, also, Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535. The plaintiffs in accepting a conveyance expressly subject to the easement recognized the existence of the easement, and, in the absence of the allegation of any act to justify a finding that the easement had been abandoned, there is no cause of action to have it declared that the easement no longer affects the property, and for that reason the demurrer should have been sustained.

LAUGHLIN, J., concurs.