■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BYRNESES-ON-HUDSON, INC., Respondent. [640 NYS2d 259] —In an action, *inter alia,* for a judgment declaring, in effect, that the plaintiff was the owner of an easement located on the defendant's property, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated February 7, 1995, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by remitting the matter to the Supreme Court, Putnam County, for the entry of a judgment declaring that the plaintiff is not the owner of an easement located on the defendant's property; as so modified, the order is affirmed, with costs to the defendant.

Once an appurtenant easement is created, it can only be

extinguished by abandonment, conveyance, condemnation, or adverse possession (*see, Gerbig v Zumpano,* 7 NY2d 327, 330; *see also, Strnad v Brudnicki,* 200 AD2d 735). To extinguish an easement by abandonment, there must be unequivocal conduct on the part of the owner of the easement definitely evincing an intention to abandon (*see, Permanent Mission of Islamic Republic of Iran v 1030 Fifth Ave. Corp.,* 833 F Supp 318, 322, *affd* 23 F3d 397; *see also, Gerbig v Zumpano, supra*).

In the present case, the defendant, the owner of a parcel of real property burdened by an easement which was created in 1909, offered sufficient evidence to establish that the plaintiff had abandoned its intention to use the easement for the limited purpose for which it had been created (*see, Snell v Levitt,* 110 NY 595; *see also, Wilson v Ford,* 148 App Div 307, 314-315; *Norris v Hoffman,* 133 App Div 596, *affd* 197 NY 578). The original easement agreement provided that the easement would be used for private purposes and only for the benefit of the residences on the dominant estate land. The agreement specifically excluded any uses for public, commercial, manufacturing, or business purposes. The plaintiff changed the nature of the dominant estate by making the property a public park, and indicated that it intended to use the easement for construction, maintenance, and emergency access for the park grounds. Furthermore, it was undisputed that the easement had not been used by the plaintiff's predecessors for at least 30 years. While non-use alone does not create abandonment, regardless of how long it continues (*see, Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35, 39), the non-use of the easement in this case, coupled with the other clear indications that the plaintiff did not intend to use the easement for the limited purpose for which it was created, demonstrate the plaintiff's unequivocal intention to abandon the easement as it had once existed and to expand the use of the easement area beyond the permissible scope of the original easement grant.

The plaintiff's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.