■ Nicola Niceforo et al., Doing Business as Papa's Family Diner, Respondents, v Elizabeth Haeussler, Doing Business as Elizabeth's Unisex Salon, Appellant. [714 NYS2d 788] —Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered July 30, 1999 in Cortland County, which partially granted plaintiffs' motion for summary judgment.

Plaintiffs and defendant are the owners of adjoining parcels of land located at 209 Delaware Street and 207 Delaware Street, respectively, in the Village of Walton, Delaware County. Both parcels originally were owned by Albert Smith and Lucy Smith. Examination of the parties' respective chains of title reveals that the Smiths conveyed the parcel located at 209 Delaware Street to Susie Sutliff in 1920, together with "the right to use, for the purpose of a drive way, in common with the party owning [defendant's property], the strip of land * * * immediately easterly of the property hereinbefore conveyed, which strip is ten feet wide, it being understood that this right to use as a drive extends only far enough toward the rear of the lot to accommodate [Sutliff] in getting past her house." One year later, the Smiths conveyed the adjoining parcel at 207 Delaware Street to one of defendant's predecessors-in-interest, Katherine Owens, "excepting and reserving from said parcel the rights and privileges hereto conveyed to * * * Sutliff."

In 1934, Sutliff conveyed the parcel at 209 Delaware Street to Floyd Benson, including "all her right, title and interest in the use of a drive way lying easterly of the property conveyed

---

by this deed, the use of which drive way was deeded to [Sutliff by the Smiths in 1920]." At some point subsequent thereto, the residence located on the parcel was demolished and a gas station was erected. Ultimately, plaintiffs acquired the parcel in June 1992 by a deed that referenced and included the "10-foot wide driveway easement." Plaintiffs thereafter opened a diner on the property and utilized the area behind the structure as a parking lot, which is accessible via the driveway. In the interim, defendant acquired the adjoining parcel at 207 Delaware Street, where she resides and operates a hair salon.

A dispute eventually arose as to plaintiffs' use of the driveway, prompting plaintiffs to commence this action seeking, *inter alia*, a declaration that they had a right of ingress and egress over the driveway. Following joinder of issue and the granting of a preliminary injunction, which enjoined either party from parking on or obstructing the driveway, plaintiffs moved for summary judgment. Supreme Court granted plaintiffs partial summary judgment on their first cause of action, declaring that plaintiffs indeed have an easement, in common with defendant, of which they may make reasonable use for ingress to and egress from their property. This appeal by defendant ensued.

Defendant's primary argument on appeal is that the right-of-way in question was an easement in gross and, hence, was extinguished upon, *inter alia*, Sutliff's disposition of the property. We cannot agree. "[A]n easement in gross is a 'mere personal, nonassignable, noninheritable privilege or license'" (*Henry v Malen*, 263 AD2d 698, 702, n 3, quoting *Loch Sheldrake Assocs. v Evans*, 306 NY 297, 304), while an easement appurtenant provides for a transferrable interest in land (*see, id.*, at 702, n 3). Specifically, an easement appurtenant is created when such easement is "(1) conveyed in writing, (2) subscribed by the person creating the easement and (3) burdens the servient estate for the benefit of the dominant estate" (*Strnad v Brudnicki*, 200 AD2d 735, 736). Once created, an easement appurtenant may be extinguished only by abandonment, conveyance, condemnation or adverse possession (*see, id.*, at 736). The nature and extent of the easement in question is to be determined "by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966).

Applying these principles to the matter before us, it is readily apparent that the subject right-of-way indeed is an easement appurtenant. The 1920 Smith to Sutliff conveyance created a

written and subscribed easement for the benefit of the dominant estate (now plaintiffs' land) burdening the servient estate (now defendant's land) (*see, Strnad v Brudnicki, supra,* at 736-737) and, as noted previously, reference to such easement appears in the parties' respective chains of title. Under such circumstances, Supreme Court appropriately concluded that plaintiffs indeed have an easement appurtenant, in common with defendant, of which they may make reasonable use for ingress to and egress from their property.

To the extent that defendant asserts that the purpose of the subject easement was extinguished by Sutliff's death or, more particularly, the demolition of the residence formerly located on plaintiffs' parcel, we cannot agree. Defendant's argument on this point apparently centers upon that portion of the Smith to Sutliff conveyance that states, "it being understood that this right to use as a drive extends only far enough toward the rear of the lot to accommodate [Sutliff] in getting past her house." Once the house was demolished, defendant's argument continues, the purpose of the easement was completed and the easement itself was extinguished. As a starting point, the foregoing language, in our view, was intended to describe the length of the easement in feet, not years. Moreover, as noted previously, an easement appurtenant, once created, may be extinguished only by abandonment, conveyance, condemnation or adverse possession, none of which is alleged to have occurred here. Defendant's remaining contentions, including her assertion that such easement may not be used for commercial purposes and that plaintiffs' use thereof is unreasonable and has overburdened the servient estate, were not before Supreme Court* and, hence, will not be addressed by this Court on appeal.

Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The summary judgment inquiry apparently was limited to whether the easement remained in existence for the benefit of plaintiffs.