■ STEPHEN A. STASACK et al., Appellants, v LISA DOOLEY et al., Respondents. [739 NYS2d 478] —Crew III, J.P. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered October 5, 2000 in Albany County, which, inter alia, granted certain defendants' motions for summary judgment and permanently enjoined plaintiffs from interfering with or obstructing easements for use of the private beach located on their property.

Plaintiffs are the owners of certain real property located at 45 Benker School Way in the Town of Grafton, Rensselaer County, including approximately 100 feet of beach on the shore of South Long Pond, and defendants are the owners of neighboring parcels on Benker School Way or their invitees.* Each of the respective parcels now owned by plaintiffs or defendants may be traced to common grantors, Adolf Scholl and Henry Benker. Insofar as it is relevant to this appeal, each defendant took title to his or her respective parcel, either directly from Scholl and Benker or through a predecessor in interest, by way of a deed containing the following (or substantially similar) clause: "Together with a right of way for purposes of ingress and egress over said private road; also together with the right to use the private beach located on said South Long Pond and owned by the parties of the first part for swimming and bathing purposes, in common with other owners of beach privileges." Similarly, a review of plaintiffs' chain of title reflects that they and each of their predecessors in interest took title to their particular parcel "subject to the right of other owners of beach privileges to use the private beach located on the premises hereby conveyed for swimming and bathing purposes." The record further reflects that plaintiffs were aware, prior to purchasing their parcel, that neighborhood families used the beach located on their property

* Defendants Lisa Dooley, F. Joseph Shulga and Margaret A. Shulga do not currently own property on Benker School Way, but each claims entitlement to use of the subject property as certain other defendants' invitees.

for the very purposes outlined in the deeds contained in the respective chains of title.

Plaintiffs took title to their parcel in August 1998 and, in July 1999, commenced this action in Supreme Court, Rensselaer County, as well as a companion action, seeking declarations that defendants had no right to use plaintiffs' beach. Plaintiffs also sought injunctive relief. Ultimately, venue was changed to Albany County and, following a conference before Supreme Court, the various motions then pending between the parties were converted to motions for summary judgment. By order entered October 4, 2000, Supreme Court, inter alia, denied plaintiffs' third request for injunctive relief, dismissed the complaint as against defendants F. Joseph Shulga and Margaret A. Shulga, who were not property owners at any relevant time, granted defendants' motions for summary judgment and permanently enjoined plaintiffs from interfering with defendants' use of the beach for swimming and bathing purposes only. This appeal by plaintiffs ensued.

Plaintiffs' primary argument on appeal is that the language contained in defendants' respective deeds did not create an easement over plaintiffs' parcel but, rather, created a license that plaintiff Stephen A. Stasack has now revoked. We cannot agree. It is well settled that "an easement appurtenant is created when such easement is '(1) conveyed in writing, (2) subscribed by the person creating the easement and (3) burdens the servient estate for the benefit of the dominant estate'" (*Niceforo v Haeussler*, 276 AD2d 949, 950, quoting *Strnad v Brudnicki*, 200 AD2d 735, 736). Each of those requirements has been met here. To the extent that plaintiffs contend that the failure to use the phrases "grant and release" or "heirs and assigns forever" in the clause describing and conveying the right to use the private beach demonstrates that the grantors intended to create a license rather than an easement, we do not find the absence of such language to be dispositive. Rather, in view of the fact that the right to use the private beach located on plaintiffs' property was freely transferred through successive deeds, and in the absence of any qualifying language indicating that such rights were personal in nature or that the grantors retained the power to revoke such rights, we are satisfied that the grantor intended to and did in fact create a valid easement (*see, Mondelli v Homik*, 288 AD2d 512, 513).

Plaintiffs' remaining contentions as to the validity of the underlying easement do not warrant extensive discussion. As to plaintiffs' claim that the language contained in defendants' deeds could not create an easement as such deeds do not

specifically describe the location of the subject beach, we need note only that where, as here, a deed "reasonably describes the property where the easement exists * * * the fact that it fails to give the precise location does not preclude a finding that an easement was intended" (*Clements v Schultz*, 200 AD2d 11, 14). Based upon our review of the record as a whole, we are persuaded that the location of the beach has been established with sufficient certainty to support the existence of an easement to it.

Equally unpersuasive is plaintiffs' assertion that they are protected against the underlying easement in four chains of title by virtue of New York's recording statutes. In this regard, the case law makes clear that "[a] grantee of land takes title subject to duly recorded easements that have been granted by his [or her] predecessors-in-title" (*Pomygalski v Eagle Lake Farms*, 192 AD2d 810, 811, *lv denied* 82 NY2d 656), as well as to unrecorded easements of which he or she has actual or constructive notice (*see, Breakers Motel v Sunbeach Montauk Two*, 224 AD2d 473, 474, *lv dismissed* 88 NY2d 1016). Inasmuch as plaintiffs were aware, both as a result of a record search that Stasack conducted and conversations with plaintiffs' grantor and certain neighbors, of the underlying easement and the neighbors' use of the beach prior to purchasing the parcel, any claim of "late recording" must fail. Plaintiffs' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.