■ Bryan J. Mitkowski, Appellant, v Michael Marceda, Respondent. [19 NYS3d 313]—

In an action to permanently enjoin the defendant from interfering with the plaintiff's use of a recorded easement over a certain portion of the defendant's property, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated December 18, 2013, as granted those branches of the defendant's cross motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant own adjoining properties. The plaintiff commenced this action with a complaint in which

he alleged that, by virtue of a written easement agreement dated October 23, 1961 (hereinafter the 1961 Easement Agreement), he had a right of way to use a paved driveway on the defendant's property as a means of ingress and egress to and from the rear of his property. He further alleged that the defendant had interfered with and obstructed his use of the right of way. The defendant cross-moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted those branches of the cross motion, and the plaintiff appeals.

Dismissal on the basis of CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law (see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Baron v Galasso*, 83 AD3d 626, 628 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "If the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211 (a) (7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action" (*Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530, 530 [2007]).

Express easements are construed "to give effect to the parties' intent, as manifested by the language of the grant" (*Dowd v Ahr*, 78 NY2d 469, 473 [1991]). "The extent of an easement claimed under a grant is generally limited by the language of the grant, as a grantor may create an extensive or a limited easement" (*Seide v Glickman*, 295 AD2d 494, 495 [2002]; see *Gilliland v Acquafredda Enters., LLC*, 92 AD3d 19, 25 [2011]; *Ledley v D.J. & N.A. Mgt.*, 228 AD2d 482, 482 [1996]). Here, the defendant's submissions refuted the essential allegation of the plaintiff's complaint, that he had a right of way to use the paved driveway on the defendant's property as a means of ingress and egress to and from the rear of his property. The clear and unambiguous language of the 1961 Easement Agreement demonstrated that the plaintiff's predecessors-in-interest were granted a limited easement to use the driveway as a

means of ingress and egress "only to and from the garage" on their property, not an unrestricted and unqualified right to use the driveway as a means of ingress and egress to and from the rear of their property. The defendant also established that the garage for which the easement was created no longer exists.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the defendant's cross motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.