Clark, J.
 

 Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 14, 2017 in Saratoga County, which, among other things, partially granted defendant’s motion for summary judgment dismissing the amended complaint.
 

 This appeal involves adjoining parcels of land in the City of Saratoga Springs, Saratoga County. The property owned by plaintiff fronts Maple Avenue, while the property owned by defendant is situated on the corner of Maple Avenue and Green Street. In 1944, the parcels of land now owned by plaintiff and defendant were commonly owned by Leo Germanetti and Anne Germanetti. In 1952, the Germanettis conveyed the parcel of land now owned by defendant to Victor Esposito. In the 1952 conveyance, the Germanettis “reserve [d] to themselves an easement or right-of-way for ingress and egress from Green Street to the garage and woodshed located” in the rear of their adjoining property (hereinafter referred to as the Green Street easement), as well as another easement not particularly relevant to this appeal (hereinafter referred to as the Maple Avenue easement). Plaintiff acquired title to his property in 1979,
 
 [1]
 
 and defendant acquired title to her property in 2015. There is no dispute that each deed in plaintiff’s chain of title included language conveying “all easements and rights of ways reserved” in the 1952 deed from the Germanettis to Esposito or that each conveyance in defendant’s chain of title was subject to the Green Street easement.
 

 In June 2016, plaintiff commenced this action against defendant seeking, among other things, a declaratory judgment that defendant’s property was burdened by the Green Street and Maple Avenue easements, as well as injunctive relief directing defendant to remove any obstructions that interfered with his use of the easements. Plaintiff alternatively claimed, as relevant here, that he acquired a right-of-way by prescription from Green Street to the rear of his property. Defendant joined issue and asserted counterclaims alleging, as relevant here, that the Green Street easement had extinguished because the limited purpose for which it had been created no longer existed and the easement had not been used for that purpose for over 50 years. Following discovery, defendant moved for summary judgment dismissing plaintiff’s amended complaint and, on her counterclaims, seeking a declaration that her property was unencumbered by the Green Street and Maple Avenue easements. Plaintiff cross-moved for summary judgment dismissing defendant’s answer and counterclaims and awarding him the declaratory and injunctive relief he requested. Concluding that the Green Street easement no longer existed and that plaintiff did not acquire a right-of-way from Green Street to his property by prescription, Supreme Court, as relevant here, granted defendant partial summary judgment to the extent of dismissing those of plaintiff’s claims alleging the existence of an easement over defendant’s property and otherwise denied defendant’s motion.
 
 [2]
 
 Plaintiff appeals, primarily arguing that Supreme Court erroneously concluded that defendant’s property is not burdened by an easement that runs from Green Street to his property.
 

 We affirm. An easement appurtenant, such as the one at issue on this appeal, is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate (see Webster v Ragona, 7 AD3d 850, 853 [2004]; Stasack v Dooley, 292 AD2d 698, 699 [2002]; Niceforo v Haeussler, 276 AD2d 949, 950 [2000]). An easement expressly created for, or limited to, a specific purpose may be extinguished by the abandonment of that purpose (see People v Byrneses-On-Hudson, Inc., 226 AD2d 353, 354 [1996]; Clarke v Keating, 183 App Div 212, 213-214 [1918]; Norris v Hoffman, 133 App Div 596, 600-601 [1909], affd 197 NY 578 [1910]), which must be demonstrated through “unequivocal” acts establishing that the owner of the dominant estate intended to “permanently relinquish all rights to the easement” (Consolidated Rail Corp. v MASP Equip. Corp., 67 NY2d 35, 39-40 [1986]; see Gerbig v Zumpano, 7 NY2d 327, 331 [1960]). In determining the nature and extent of an express easement, the easement must be construed “to give effect to the [conveyors’] intent, as manifested by the language of the grant” (Dowd v Ahr, 78 NY2d 469, 473 [1991]; see Mitkowski v Marceda, 133 AD3d 574, 575 [2015]; Lopez v Adams, 69 AD3d 1162, 1164 [2010]; Hopper v Friery, 260 AD2d 964, 966 [1999]).
 

 It is clear from the unambiguous language in the 1952 deed from the Germanettis to Esposito that the Germanettis, as the dominant estate holders, intended to reserve to themselves a limited right-of-way over the servient estate as a means of ingress and egress to the garage and woodshed that was, at that time, situated on their property (see Mitkowski v Marceda, 133 AD3d at 575-576; Norris v Hoffman, 133 App Div at 600; compare Niceforo v Haeussler, 276 AD2d at 951). The language of the express easement does not, as plaintiff argues, evidence an intention to create an unrestricted and unqualified right-of-way over the servient estate to access the rear of the dominant estate (see Mitkowski v Marceda, 133 AD3d at 575-576; compare Niceforo v Haeussler, 276 AD2d at 951). As such, we agree with Supreme Court that the Green Street easement was created for the limited and specific purpose of providing access to the garage and woodshed on the dominant property.
 

 The question then becomes whether the Green Street easement has been extinguished by virtue of plaintiff’s abandonment of the specific purpose for which it was created. To that end, defendant proffered several affidavits, as well as the deposition testimony of plaintiff and a 1980 survey of plaintiff’s property, which together established that the garage and woodshed no longer existed on plaintiff’s property. Specifically, Esposito’s brother
 
 [3]
 
 averred that a “barn [-] like structure” that was present on the dominant estate burned down sometime in the mid-1950s and that, aside from a shed that belonged to his brother and was eventually moved, no similar structures were placed or erected on the dominant estate. Indeed, the 1980 survey of plaintiff’s property depicted a shed and “foundation remains,” and plaintiff testified at his deposition that there was no structure on the “foundation remains” when he purchased the property in 1979. Plaintiff also confirmed that a shed belonging to Esposito was on his property and that Esposito “had to move it.” Plaintiff asserted that he never endeavored to rebuild a structure over the foundation remains. Finally, in their respective affidavits, a neighbor whose property adjoined plaintiff’s property and a neighbor whose property was directly across the street from the Green Street easement stated that they had not observed a garage or woodshed on plaintiff’s property since they moved to the neighborhood in 1964 and 1996, respectively. Through the foregoing evidence, defendant established that plaintiff unequivocally and permanently abandoned the specific purpose for which the Green Street easement was created and, as plaintiff failed to come forward with any evidence raising a question of fact as to whether he used the easement for its specific purpose, Supreme Court properly concluded that the Green Street easement had extinguished (see Mitkowski v Marceda, 133 AD3d at 575-576; People v Byrneses-On-Hudson, Inc., 226 AD2d at 354; Clarke v Keating, 183 App Div at 213-214; Norris v Hoffman, 133 App Div at 600-601; compare Wolski v De Luca, 112 AD2d 220, 221-222 [1985]).
 

 Plaintiff alternatively claimed that he acquired a right-of-way over defendant’s property by adverse possession. To establish that he acquired an easement by prescription, plaintiff had to demonstrate, as a matter of law, that he had actual and exclusive possession of the claimed right-of-way and that such possession was hostile and under a claim of right, open and notorious and continuous for a period of 10 years (see Walling v Przybylo, 7 NY3d 228, 232 [2006]; Spiegel v Ferraro, 73 NY2d 622, 625 [1989]).
 

 In support of his claim, plaintiff relied on his own deposition testimony, as well as the affidavit of his tenant who rented commercial space on his property from 2008 through 2015. Plaintiff stated that, beginning in 1979, he hauled a 10-yard roll-off dumpster—which he placed on the foundation remains—on and off the rear of his property by crossing over defendant’s property. Plaintiff testified that he used the claimed right-of-way for this purpose “fairly consistent[ly] ” and estimated that, from 1979 through 1997, he used it once a week in the summer and once a month in the winter and that, from 1997 through 2015, when the dumpster was moved, he used it once a month. Plaintiff acknowledged that there was overgrowth along the pathway and that a maple tree eight inches in diameter had grown in the middle of the alleged right-of-way, but asserted that neither posed an obstacle to moving the dumpster. Plaintiff further stated that he, or someone acting on his behalf, cleared snow from the purported right-of-way. Plaintiff’s tenant averred that, during the years in which he leased space from plaintiff, he would plow the alleged right-of-way, but only up to the maple tree. Together, this evidence established, prima facie, that plaintiff acquired a right-of-way by prescription over defendant’s property from Green Street to the rear of his property (see DMPM Prop. Mgt., LLC v Mastroianni, 82 AD3d 1332, 1333 [2011]; Gravelle v Dunster, 2 AD3d 964, 965 [2003]).
 

 In opposition, defendant relied on her own deposition testimony and affidavit, the 1980 survey of plaintiffs property, a 2015 survey of her property and the affidavits of Esposito’s brother, several neighbors and the 2015 surveyor. Esposito’s brother asserted that the right-of-way was full of vegetative overgrowth, that he never observed the alleged right-of-way cleared of snow or used by vehicles and that he never saw a dumpster placed on plaintiff’s property. Similarly, each of the neighbors averred that they never observed a dumpster on plaintiff’s property or saw a vehicle traverse the alleged right-of-way. In particular, the owner of a property that adjoined plaintiff’s property stated “unequivocally” that, since purchasing his property in 1964, he had never seen a dumpster on plaintiff’s property or a vehicle use the purported right-of-way, which he described as overgrown and full of miscellaneous junk. Consistently, the neighbors who sequentially owned the property directly across the street from the claimed right-of-way—from 1996 through 2014 and from 2014 through the submission of defendant’s motion—stated that they never saw any vehicles travel over the alleged right-of-way, which was full of junk and thick overgrowth and was not cleared in the winter. They also stated that a wire fence ran across the boundary line separating plaintiff’s and defendant’s respective properties. Significantly, the 1980 survey and the 2015 survey depicted a wire fence crossing the alleged right-of-way along the parties’ common boundary line. The individual who prepared the 2015 survey, as well as defendant, averred that the wire fence was rusted, upright and roughly three feet high. Video footage of the parties’ properties from September 2016 evidenced the maple tree and the thick overgrowth.
 
 [4]
 

 In its decision and order resolving the parties’ respective motions, Supreme Court expressly found plaintiff’s deposition “testimony that he regularly and consistently used the easement from 1979 to 2015 to remove and replace a 10[-]yard container” to be “incredible as a matter of law.” In so holding, the court relied on, among other things, the June 2016 video and affidavit evidence produced by defendant, which established the existence of dense vegetation over the disputed property and a maple tree in the middle of the purported right-of-way, as well as the 1980 and 2015 surveys depicting a wire fence on or near the parties’ common boundary line. The court concluded: “ [I] t is patent and obvious that the part of defendant’s property running from Green Street to the common boundary of plaintiff’s and defendant’s properties was not regularly or routinely used by plaintiff as he claims.” As Supreme Court could properly find that plaintiff’s self-serving testimony was incredible as a matter of law given the overwhelming evidence proffered by defendant (see Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 439 [2003]; Bushman v Di Carlo, 268 AD2d 920, 922 [2000], lv denied 94 NY2d 764 [2000]; Home Mut. Ins. Co. v Lapi, 192 AD2d 927, 929-930 [1993]; Rickert v Travelers Ins. Co., 159 AD2d 758, 760 [1990], lv denied 76 NY2d 701 [1990]), we will not disturb Supreme Court’s determination that plaintiff did not acquire a right-of-way by prescription over defendant’s property from Green Street to the rear of his property.
 

 Lastly, plaintiff asserts that Supreme Court should have awarded him injunctive relief directing defendant to remove any and all obstructions that interfere with his use of the Maple Avenue easement. Although Supreme Court partially granted plaintiff summary judgment by declaring that defendant’s property is burdened by the Maple Avenue easement to the benefit of plaintiff’s property, it otherwise denied plaintiff’s cross motion, leading us to believe that plaintiff’s claims for injunctive relief and money damages relating to the alleged obstructions on the Maple Avenue easement may still be pending in Supreme Court. Accordingly, we decline to address those claims on appeal.
 

 Peters, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 [1]
 

 . After plaintiff purchased his property in 1979, title passed through various members of his family and was eventually held in a family trust, before he reacquired title in 2016. Nevertheless, plaintiff testified, at his deposition, that he had been in control of the property at all times since 1979.
 

 [2]
 

 . Supreme Court also granted plaintiff partial summary judgment to the extent of declaring that defendant’s property was burdened by the Maple Avenue easement and otherwise denied plaintiff’s cross motion.
 

 [3]
 

 . Esposito’s brother asserted that, at the time of his affidavit, Esposito suffered from Alzheimer’s disease and, therefore, could not recollect the facts relevant to this action.
 

 [4]
 

 . In the order appealed from, Supreme Court indicated that the court, the parties and counsel visited the properties owned by plaintiff and defendant.