Northwood Sch., Inc. v Fletcher (2021 NY Slip Op 00219)





Northwood Sch., Inc. v Fletcher


2021 NY Slip Op 00219


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

530638

[*1]Northwood School, Inc., Respondent,
v
Wendy Fletcher et al., Appellants, et al., Defendants.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Briggs Law Firm, LLP, Lake Placid (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for appellants.
Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of Essex County (Meyer, J.), entered December 20, 2019, which, among other things, granted plaintiff's motion for partial summary judgment.
Plaintiff, a private school, owns a parcel of real property improved by a commercial building on Main Street in the Village of Lake Placid, Essex County. The property is bordered on the south and east by a residential parcel owned by defendant Wendy Fletcher, and is located near another residential parcel formerly owned by defendants Eric M. Mueller and Catherine A. Mueller.[FN1] Fletcher and the Muellers (hereinafter collectively referred to as defendants) acquired their properties in 2012 and have deeded rights-of-way over a private road known as Grace Way that provides vehicle access from Main Street to their properties. Plaintiff acquired its property in 2016, believing that it also had a deeded right to use Grace Way to reach the rear portion of its lot. However, when plaintiff attempted to do so, defendants objected.
In March 2019, plaintiff commenced this action seeking a declaration that it has an express easement for the use of Grace Way, as well as an injunction preventing defendants from interfering with its use of the easement for ingress, egress and parking. In the alternative, plaintiff sought a declaration of an implied easement based upon reasonable necessity or prescription.[FN2] After defendants joined issue, plaintiff moved for partial summary judgment against them. Defendants opposed and cross-moved for summary judgment dismissing the complaint against them and seeking rectification of the scope of Grace Way. County Court granted plaintiff's motion, declaring plaintiff to have an easement appurtenant for vehicle and pedestrian travel and for parking on and over Grace Way, including a small parking area located on Fletcher's property. The court permanently enjoined defendants from interfering with plaintiff's use of this easement, reserved decision on plaintiff's request for legal fees and damages pending an evidentiary hearing, dismissed plaintiff's remaining causes of action as moot and denied defendants' cross motion. Defendants appeal.
In 1915, Shea's Market, Inc. conveyed to Forest B. Guild a single lot in the Village of Lake Placid that was located between Main Street on the west and the body of water now known as Mirror Lake on the east, and which was later subdivided into the two parcels now owned by plaintiff and Fletcher. The deed expressly conveyed "a right of way in and over a driveway to be at least [10] feet wide, extending from [a certain location on] Main Street easterly . . . at least [100] feet and then turning northward to the premises hereby conveyed, said driveway to be used in common with others and for the accommodation and benefit of the several properties of the parties hereto, and as an appurtenant thereof, to be more definitely laid out by [Shea Markets, Inc.]." This driveway became the private road now known as Grace [*2]Way. In 1935, Guild transferred the parcel to a new owner by a deed that expressly included the Grace Way easement. In 1957, the parcel was transferred to Evelyn Shehadi and Elizabeth Shehadi by a deed that, again, expressly conveyed a right-of-way in and over Grace Way.
In 1984, the Shehadis subdivided the property into two lots, transferring the parcel now owned by plaintiff — located in the northwestern corner of the original lot — to Brett K. Turner and Julie A. Turner. The deed to the Turners did not expressly reference the Grace Way easement, but provided that the conveyance was subject to "any presently valid and enforceable rights, rights-of-way, easements, restrictions, reservations and exception[s] of record relating to said premises." In 2015, the Turners conveyed the property to plaintiff via a deed that, likewise, did not expressly reference the Grace Way easement, but did provide that the property was transferred "together with the appurtenances and all the estate and rights of the [Turners] in and to said premises."
Following the 1984 subdivision, the Shehadis retained the remainder of the original lot, including the eastern portion, which fronts on the lake, and a 20-foot strip running from Main Street to the eastern portion of the Shehadis' parcel along the southern boundary of the parcel now owned by plaintiff. The only vehicle access to the Shehadi property was provided by means of the Grace Way easement, which reached the parcel from the south. In 2012, Fletcher acquired this parcel from a successor in title to the Shehadis. The Muellers acquired their nearby property through a separate chain of title that likewise included the conveyance of a right-of-way over Grace Way.
County Court did not err in finding that plaintiff has an easement appurtenant to use Grace Way. Such an easement "is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Stone v Donlon, 156 AD3d 1308, 1309 [2017], lv dismissed 31 NY3d 1109 [2018], lv denied 33 NY3d 903 [2019]; accord Biles v Whisher, 160 AD3d 1159, 1160 [2018]; see Niceforo v Haeussler, 276 AD2d 949, 950 [2000]). Here, defendants do not dispute that an easement appurtenant in Grace Way was created by the express grant in the 1915 deed — indeed, their own rights-of-way over Grace Way derive from that grant. They contend, however, that because the deed from the Shehadis to the Turners included no express reference to the easement, the Turners did not acquire a right-of-way in Grace Way and, thus, could not and did not convey a right-of-way to plaintiff. This claim is without merit; it is well established that, once created, an easement appurtenant runs with the land and "passes to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed" (Djoganopoulos v Polkes, 95 AD3d 933, 935 [2012]; accord Akasa Holdings, LLC v 214 Lafayette [*3]House LLC, 177 AD3d 103, 118 [2019]; see Webster v Ragona, 7 AD3d 850, 854 [2004]). The subdivision of the original dominant estate into the parcels now owned by plaintiff and Fletcher does not alter this conclusion. When a dominant property is subdivided, rights to an appurtenant easement pass to the subsequent owners of each subdivided parcel, whether the resulting dominant and subservient estates are contiguous, "so long as no additional burden is imposed upon the servient tenement by such use" (Cronk v Tait, 279 AD2d 857, 858 [2001]; see Djoganopoulos v Polkes, 95 AD3d at 935). Defendants have made no showing that plaintiff's use of Grace Way will impose any such additional burden, nor have they shown that the easement has terminated as a result of "abandonment, conveyance, condemnation or adverse possession" — the only means by which an easement appurtenant, once created, can be extinguished (Niceforo v Haeussler, 276 AD2d at 951; accord STS Steel, Inc. v Maxon Alco Holdings, LLC, 123 AD3d 1260, 1261 [2014]). Thus, the court correctly concluded that plaintiff holds an easement appurtenant for the use of Grace Way.
County Court likewise did not err in determining the scope of the easement. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Sambrook v Sierocki, 53 AD3d 817, 818 [2008] [internal quotation marks and citations omitted]; accord Boice v Hirschbihl, 128 AD3d 1215, 1216 [2015]). Relying on property descriptions in the initial express grants, defendants assert that the road known as Grace Way ends at the southern border of Fletcher's parcel and does not include the parking area or any portion of the roadway that enters Fletcher's property. We agree with County Court that this position is not supported by the language of the grant or the other evidence in the record.[FN3]
Turning first to the grant itself, "[w]here the purpose of an easement is to provide a means of ingress and egress, in the absence of any restrictions or qualifications on the use, any reasonable lawful use within the contemplation of the grant is permissible" (Phillips v Iadarola, 81 AD3d 1234, 1235 [2011] [internal quotation marks, brackets, ellipsis and citations omitted]). Here, the grant included no restrictions or exceptions and provided that Grace Way was "to be used in common with others for the accommodation and benefit of the several properties of the parties." We agree with County Court that this broad, unrestricted language must be construed to permit any reasonable and lawful use of Grace Way within the contemplation of the grant. As the grant did not expressly identify such uses, we may consider extrinsic evidence to determine what uses were contemplated (see Hush v Taylor, 84 AD3d 1532, 1533 [2011]; Albright v Davey, 68 AD3d 1490, 1491 [2009], lv denied 14 NY3d 708 [2010]).
Upon such review, we find defendants' [*4]contention that the Grace Way easement ends at the southern boundary of Fletcher's property to be clearly inconsistent with this broad construction of the grant's language. As previously noted, the subdivision of the original lot did not deprive plaintiff's parcel of the benefit of the Grace Way easement for, at minimum, ingress and egress; thus, plaintiff's right to use the easement necessarily includes the right to cross Fletcher's property to reach its lot. As for the extent of the physical roadway, plaintiff submitted an aerial photograph showing that the road identified as Grace Way does not terminate at Fletcher's southern border, but continues across the boundary line onto Fletcher's property, with a small parking area extending westward from the roadway close to plaintiff's southern boundary. Plaintiff also submitted uncontroverted affidavits demonstrating that Grace Way — including the portion on the property now owned by Fletcher (hereinafter the Fletcher segment) and the parking area — was historically used to access plaintiff's property. A fuel oil delivery driver averred that, between 1963 and 2007, he regularly used Grace Way, including the Fletcher segment and the parking area, to deliver oil to the property now owned by plaintiff. Likewise, the owner of an automobile repair business averred that, before the original lot was subdivided, he used the entirety of Grace Way, including the Fletcher segment and the parking area, to service vehicles belonging to tenants of apartments that were formerly located in the rear of the building that now belongs to plaintiff. These tenants, according to the owner, used the entirety of Grace Way for vehicle access to their apartments and parked their vehicles either on plaintiff's property or the parking area on Fletcher's property. Grace Way was additionally used regularly by "any and all visitors" who had occasion to drive to the rear of plaintiff's building. In view of this evidence, we find no error in County Court's conclusion that plaintiff's easement extends over Grace Way, including the Fletcher segment and the parking area, and that reasonable use of the parking area by plaintiff and its employees, guests or other visitors is within the contemplation of the grant (see Albright v Davey, 68 AD3d at 1492-1493; see also Mohawk Paper Mills, Inc. v Colaruotolo, 256 AD2d 924, 925 [1998]).
Because express and implied easements may not coexist, County Court properly dismissed plaintiff's alternative claims as moot (see South Buffalo Dev., LLC v PVS Chem. Solutions, Inc., 115 AD3d 1152, 1153 [2014]; Corrarino v Byrnes, 43 AD3d 421, 425 [2007]). Defendants' contention that the court improperly reserved decision on plaintiff's request for damages is likewise moot, as counsel has advised that an order was issued in April 2020 denying plaintiff's request for damages and legal fees without prejudice, and that plaintiff is no longer seeking such relief in this action. Finally, the court did not [*5]err in denying defendants' cross motion to amend the August 2019 partial judgment determining plaintiff's easement rights as to defendants Shea Family Properties, LLC and Trois Amigos, Inc. As the scope of the easement affected by this partial judgment was expressly limited to the parts of Grace Way that pass over these defendants' properties, no prejudice to defendants resulted and their consent was not required.
Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: After this action was commenced, the Muellers transferred their property to a third party. Our record does not reveal that a new owner has yet been substituted or joined in the action.

Footnote 2: The action was also commenced against defendants Shea Family Properties, LLC and Trois Amigos, Inc. In August 2019, Shea Family Properties and Trois Amigos consented to a partial judgment declaring that plaintiff "has a perpetual easement right-of-way of the width of 10 feet on and over" the portion of Grace Way that crosses their properties. Defendants' cross motion included a request to amend this partial judgment, which County Court denied.

Footnote 3: Defendants rely in part upon a 2019 survey that they claim supports their position that Grace Way ends at the boundary of Fletcher's property, while plaintiff claims that a 1983 survey shows that the road crosses onto Fletcher's property and includes the parking area. Neither survey, however, was supported by a surveyor's affidavit or other admissible foundational proof; thus, both are inadmissible, and we have not considered them (see Overocker v Madigan, 113 AD3d 924, 925 [2014]; Bergstrom v McChesney, 92 AD3d 1125, 1126 [2012]).