Dornan v Fort Ann Cent. Sch. Dist. (2022 NY Slip Op 00345)





Dornan v Fort Ann Cent. Sch. Dist.


2022 NY Slip Op 00345


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

532389
[*1]Michael Dornan et al., Respondents,
v
Fort Ann Central School District et al., Appellants.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Girvin & Ferlazzo, PC, Albany (Scott P. Quesnel of counsel), for appellants.
Oliver Law Office, Albany (Dennis J. Phillips of McPhillips, Fitzgerald & Cullum LLP, Glens Falls, of counsel), for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Bruening, J.), entered October 16, 2020 in Washington County, which partially granted plaintiffs' motion for partial summary judgment.
Plaintiff Michael Dornan owns three separate abutting parcels of property (hereinafter referred to as parcels A, B and C) in Washington County. Defendant Fort Ann Central School District (hereinafter the School District) owns a parcel of property (hereinafter referred to as parcel D). Parcel D abutted parcel A to the north and parcel C to the east. As relevant here, a right-of-way was located within parcel D and ran along the border between parcels A and D. Dornan used this right-of-way to access parcel C. In 2015, the School District erected a new fence along the boundary line of parcels A and D. According to Dornan, this new fence effectively prevented him from using this right-of-way.
Plaintiffs commenced this action alleging, as relevant here, a cause of action seeking a declaratory judgment determining that Dornan had a valid right-of-way over parcel D and a cause of action to enforce this right-of-way by compelling the School District to remove a section of the fence that was located at the northeastern end of the right-of-way and that ran along the border of parcels A and D. Following joinder of issue, plaintiffs moved for partial summary judgment on these causes of action, among others. Defendants opposed. Supreme Court granted the motion to the extent predicated on these specific causes of action. This appeal by defendants ensued. We affirm.
An easement appurtenant "is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138 [2021] [internal quotation marks and citations omitted]). Once such easement is created, it runs with the land (see Webster v Ragona, 7 AD3d 850, 854 [2004]). "The nature and extent of the easement in question is to be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Niceforo v Haeussler, 276 AD2d 949, 950 [2000] [internal quotation marks and citation omitted]; see Missionary Socy. of Salesian Congregation v Evrotas, 256 NY 86, 90-91 [1931]; Sambrook v Sierocki, 53 AD3d 817, 818 [2008]).
Turning first to whether Dornan had a right-of-way over parcel D, plaintiffs' evidentiary proffer included a 1970 deed that described "[a] perpetual right[-]of[-]way, for all purposes thereof, and for no other purpose, over those certain lands and premises" as set forth in the deed. As a part of a series of transactions, this right-of-way was conveyed from the School District to Louise Waite. Waite subsequently sold a portion of her parcel to Dale Grinnell and Coral Grinnell and the deed between them included and described the subject right-of-way. Dornan later acquired the right-of-way in 2015 as memorialized [*2]in a deed between him and the Grinnells. In view of the foregoing, the appurtenance clauses in the deeds and the affidavit of a professional title searcher, who concluded that Dornan owned the right-of-way, plaintiffs satisfied their summary judgment burden. In opposition to this prima facie showing, defendants failed to raise an issue of fact. Accordingly, Supreme Court correctly granted the motion with respect to the declaratory judgment cause of action (see Northwood Sch., Inc. v Fletcher, 190 AD3d at 1139; Carver v Rippetoe, 43 AD3d 627, 629 [2007]; Corrarino v Byrnes, 43 AD3d 421, 423 [2007]; Niceforo v Haeussler, 276 AD2d at 950-951).
As to the cause of action compelling the removal of the fence, the School District, as the owner of the subservient estate, may not unreasonably interfere with Dornan's use of the right-of-way (see Grafton v Moir, 130 NY 465, 471 [1892]; Gisondi v Nyack Mews Condominium, 251 AD2d 371, 372 [1998]; Briggs v Di Donna, 176 AD2d 1105, 1107-1108 [1991]). Plaintiffs met their burden based upon Dornan's affidavit in which he described how the fence that was constructed by the School District interfered with his use and enjoyment of the right-of-way. Because defendants failed to raise an issue of fact, Supreme Court's determination regarding this cause of action will not be disturbed. Defendants' remaining arguments have been considered and are unavailing.
Garry, P.J., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.